Gregory B. Collins (#023158)
gbc@kflawaz.com
KERCSMAR & FELTUS PLLC
6263 N. Scottsdale Rd, Suite 320
Scottsdale, Arizona 85250

Nicholas S. Lee (*Pro Hac Vice to be filed*)
BISHOP & DIEHL, LTD
1750 East Golf Road, Suite 390
Schaumburg, Illinois 60173

Attorneys for Defendant and Conterclaimant Community Insurance Agency, Inc.

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Insubuy, Inc.,<br><br>   Plaintiff,<br><br>v.<br><br>Community Insurance Agency, Inc., Ramesh J. Patel, Gubman N. Moore, Inc. and Robert M. Chorzepa,<br><br>   Defendants/Counterclaimants.<br><br>Community Insurance Agency, Inc.<br><br>   Counterclaimant,<br><br>v.<br><br>Insubuy, Inc. and Narendra Khatri,<br><br>   Defendants/Counterclaimants. | No. _____<br><br>(Case No. 10-03925 Pending in the Federal District Court for the Northern District of Illinois)<br><br>**MOTION TO QUASH SUBPOENA DUCES TECUM ISSUED TO GO DADDY, INC.** |

Movant Community Insurance Agency, Inc. ("CIA") moves under Fed. R. Civ. P. 26 and 45 to quash the subpoena duces tecum (attached as Exhibit 1) issued by Insubuy, Inc. ("Plaintiff") to Go Daddy, Inc. ("Go Daddy"). The subpoena was issued in connection with Case No. 10-03925 currently pending in Federal District Court for the Northern District of Illinois (hereinafter "the Illinois Action"). The subpoena seeks production of documents and things in Arizona from Go Daddy, an Arizona corporation. As explained below, CIA seeks to quash the subpoenas because the subpoena: (1) violates the Protective Order entered in the Illinois Action; (2) seeks confidential and trade secret information; (3) seeks to improperly shift the burden of production; (4) seeks information that is neither relevant nor likely to the lead to the discovery of admissible evidence in the Illinois Action; and (5) is overly broad. This motion to quash is supported by the following Memorandum of Points and Authorities.

### **MEMORANDUM OF POINTS AND AUTHORITIES**

Plaintiff is attempting to circumvent the protective order in the Illinois Action by serving a subpoena duces tecum on Go Daddy, an Internet domain registrar and Web hosting company. Plaintiff's subpoena specifies a return date of January 5, 2011. However, upon the parties' meet and confer, Plaintiff acquiesced to extending the deadline to January 19, 2011. The subpoena demands irrelevant information relating to all Internet domain names registered by or on behalf of CIA since January 1, 2002 and serves only to harass CIA. Accordingly, the Court should quash or modify Plaintiff's subpoena as requested below.

**I.  PROCEDURAL BACKGROUND.**

Plaintiff and CIA both provide medical insurances services to foreigners visiting the U.S. or vice versa. Plaintiff sued Defendants CIA, Ramesh J. Patel, Robert M. Chorzepa, and Gubman N. Moore, Inc., alleging, inter alia, trademark infringement and

cybersquatting involving 52 allegedly infringing domains. *See* Exhibit 2. The Court handling the underlying matter pending in the Northern District of Illinois entered a protective order the Illinois Action, which included "Restricted Information," for protection of sensitive documents. *See* Exhibit 3.

On or about December 22, 2010, Plaintiff served a subpoena on Go Daddy seeking all Internet domain names registered by or on behalf of CIA from January 1, 2002 to the present. On December 29, 2010, Compliance Manager of Go Daddy sent a notice that it has been served with a subpoena and that "only way to object to a properly filed subpoena is by filing an objection with the court in which the matter is pending." *See* Exhibit 4. The Compliance Manager of Go Daddy also informed CIA that in the event it is to comply with the subpoena, Go Daddy will "charge your [CIA's] account according to our registration agreement." *Id.*

On December 30, 2010, pursuant to Rule 26 and 45 of the Federal Rules of Civil Procedure, CIA wrote an email to Plaintiff stating its objections to the subpoena. *See* Exhibit 5. On December 31, 2010, CIA notified Go Daddy that it intended to object to the subpoena if Plaintiff would not withdraw the subpoena. *See* Exhibit 6. On January 3, 2011, in a good faith effort to avoid the filing of this Motion, CIA's counsel and Plaintiff's counsel have conferred via telephone conference. Counsels have been unable to reach an accord. *See* Exhibit 7.

**II.    THE SUBPOENA SHOULD BE QUASHED.**

Federal Rule of Civil Procedure 26(c)(1)(B) allows the Court to issue an order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "specifying terms, including time and place, for the disclosure or discovery." Fed. R. Civ. P. 26(c)(1)(B). The subpoena to Go Daddy is objectionable for reasons stated below.

3

First, the subpoena should be quashed because it unreasonably shifts the burden of production to CIA by having CIA pay for the costs of producing the documents. For this reason alone, the Court should issue an order quashing the subpoena.

In addition, none of the information sought in connection with the document requests appended to the subpoena is relevant to the Illinois Action. In fact, the subpoena should be quashed because it is overbroad in time and scope and irrelevant as it seeks all Internet domain names registered by or on behalf of CIA. To the extent that any relevant information could be gleaned from disclosure of the information sought in the subpoenas, Plaintiff already has information as it pertains to the 52 allegedly infringing domains in this case. To wit, Plaintiff is not entitled to the vastly overbroad and irrelevant detailed information dump it now seeks, which amounts to a fishing expedition.

Moreover, CIA has a direct and proprietary interest in the lists of domain names it registered, as such domain names sought by the subpoena are important to CIA's marketing efforts, which disclosure to Plaintiff would effectively create a windfall for Plaintiff at the expense of CIA, given the proclivity of Plaintiff to register similar and confusing domain names to that of CIA's to hijack CIA's customers and potential customers. *See* Exhibit 8, pp. 23-31.

Also, the subpoena seeks all Internet domain names registered by co-defendants Robert Chorzepa ("Chorzepa") and Gubman N. Moore, Inc. ("Gubman"). However, Chorzepa, who owns Gubman, is an independent contractor for CIA who also registers Internet domains for other third parties, not named in the Illinois Action. Instead of limiting the requests to documents related to any of the claims in the Illinois Action, Plaintiff broadly embarks on a fishing expedition for irrelevant information seeking all Internet domains registered by the Defendants. As such, Plaintiff's subpoena to Go Daddy is overly broad in time and scope and seeks information which is irrelevant to any

of the claims in this case, and is therefore not discoverable, and must be quashed. *See, e.g., Lewin v. Neckard Bottling Co.,* 2010 WL 4607402 (D. Ariz. Nov. 4, 2010) (quashing subpoena as overbroad and not reasonably calculated to lead to discovery of admissible evidence where the defendant failed to limit the category of information sought).

In addition to being overly broad in time and scope, CIA, as well as co-defendants Chorzepa and Gubman, has a direct protectable and proprietary interest in the subject documents relating to all Internet domain names registered with Go Daddy as those documents are vitally important to CIA's marketing activities. To the extent that any relevant information can be gleaned from the overbroad requests appended to the subpoena, the need for such information is outweighed by the availability of information from CIA, and the proprietary and commercial nature of the information. In particular, the information sought in request nos. 1 and 2 in the subpoena are not relevant to any of the claims in the Illinois Action, and are thus not discoverable. To the extent that the Court deems these items as relevant, the information must be protected from disclosure under Fed. R. Civ. P. 45(c)(3)(B), or under a protective order pursuant to Rule 26(c).

To reiterate, the master list of Internet domain names sought in request nos. 1 and 2 are proprietary and constitute confidential commercial information subject to protection from disclosure. Aside from being irrelevant to any claim of trademark infringement or cybersquatting, disclosure of these master Internet domain names would create a windfall for Plaintiff and constitute an abuse of the subpoena power of this Court. These lists are maintained at great expense and value and are critical marketing tools for CIA's insurance business. Accordingly, the master Internet domain names, broadly sought in the subpoena, are subject to protection under Fed. R. Civ. P. 45(c).

Moreover, all Internet domain names registered by the co-defendants are protected trade secrets and highly confidential commercial information. Co-defendants Chorzepa

and Gubman serve not just CIA but other businesses in registering and maintaining domain names for their respective marketing and advertising efforts, and should not be disclosed. To the extent such information is arguably relevant to this litigation, it is more appropriately addressed in discovery directed to the parties.

## III. CONCLUSION.

For all of the foregoing reasons, Defendant Community Insurance Agency, Inc. respectfully requests that the Court quash the subpoena.

DATED this 19th day of January, 2011.

KERCSMAR & FELTUS PLLC

By *s/ Greg Collins*
Gregory B. Collins
6263 N. Scottsdale Rd, Suite 320
Scottsdale, AZ  85250

Attorneys for Community Insurance Agency, Inc.

6

**CERTIFICATE OF SERVICE**

I certify that on January 19, 2011, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing.

COPIES of the foregoing mailed
this 19th day of January, 2011, to:

GODADDY.COM, INC.
c/o Sherry Delgado
14455 N. Hayden Road, #219
Scottsdale, Arizona 85260

DOMAINS BY PROXY, INC.
c/o Sherry Delgado
14455 N. Hayden Road, #219
Scottsdale, Arizona 85260

Amanda Greenspon
Fritz L. Schweitzer, III
St. Onge Steward Johnston & Reens LLC
986 Bedford Street
Stamford, CT 06905
Attorney for Insubuy, Inc. and Narandra Khatri

By   *s/ Gregory B. Collins*