**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Insubuy, Inc., | No. 11-mc-0008-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. | |
| Community Insurance Agency, Inc., et al., | |
| Defendants. | |

We have before us defendant Community Insurance Agency, Inc.'s ("CIA") "Motion to Open Miscellaneous Case" (doc. 1). We also have defendant CIA's motion to quash plaintiff's subpoena duces tecum issued to Go Daddy, Inc. (doc. 2), plaintiff's response (doc. 8), and defendant's reply (doc. 13), and defendant's motion to quash plaintiff's subpoena duces tecum issued to Domains by Proxy, Inc. (doc. 3), plaintiff's response (doc. 7), and defendant's reply (doc. 12).

**I**

Plaintiff Insubuy, Inc. and defendant CIA both provide medical insurance services for travelers, and are direct competitors of each other. Defendant Patel is the president of defendant CIA. Defendant Chorzepa owns defendant Gubman, and is an independent contractor who registers domains for defendant CIA, as well as other clients not party to this litigation. On September 30, 2010, plaintiff brought an action for trademark infringement and cybersquatting in the United States District Court for the Northern District of Illinois,

1  No. CV-10-3925 (the "Illinois action").  Plaintiff alleges that defendants registered "a vast
2  number of Internet domain names incorporating the service marks of Insubuy, and by
3  operating commercial websites at those domains in an effort to divert customers and business
4  away from Insubuy."  Complaint, ¶ 12 (doc. 1-1).

5  On December 22, 2010, plaintiff served subpoenas issued by this court to third parties
6  Go Daddy, Inc. and its affiliate Domains by Proxy, Inc., companies that register internet
7  domain names.  See Motion to Quash Subpoena Duces Tecum Issued to Go Daddy, ex. 1,
8  "Subpoena to Go Daddy, Inc." (doc. 2-1); Motion to Quash Subpoena Duces Tecum Issued
9  to Domains by Proxy, ex. 1, "Subpoena to Domains by Proxy" (doc. 3-1).  The subpoenas
10 seek: (1) registration information about a list of specific domain names; (2) all domain names
11 registered by defendants CIA, Ramesh Patel, Robert Chorzepa and Gubman N. Moore, Inc.
12 ("Gubman"); and (3) all domain names registered to email addresses for defendants CIA and
13 Gubman.  Defendant CIA moves to quash the two subpoenas on the grounds that they: (1)
14 violate a protective order entered in the Illinois action; (2) seek confidential and trade secret
15 information; (3) improperly shift the burden of production; (4) seek information that is not
16 relevant; and (5) are overly broad.

## II

18 Plaintiff may obtain discovery on any nonprivileged matter that is relevant to any
19 claim, and information sought need not be admissible at trial "if the discovery appears
20 reasonably calculated to lead to the discovery of admissible evidence."  Fed. R. Civ. P.
21 26(b)(1).  Pursuant to Rule 26(c)(1)(B), Fed. R. Civ. P., a party may move for an order to
22 protect itself from "annoyance, embarrassment, oppression, or undue burden or expense."
23 Under Rule 45(c)(3)(B), Fed. R. Civ. P., a party may move to quash or modify a subpoena
24 if it requires the disclosure of "a trade secret or other confidential research, development, or
25 commercial information."  A party has standing to challenge a subpoena served on another
26 entity only if the party can show it has a personal right or privilege regarding the subject
27 matter of the subpoena.  See Delta Mechanical, Inc. v. Garden City Group, Inc., 2010 WL
28 2609057, *2 (D. Ariz. 2010); Firetrace USA, LLC v. Jesclard, 2008 WL 5146691, *2 (D.

Ariz. 2008); Wright & Miller, Federal Practice & Procedure § 2463.1, Quashing or Modifying a Subpoena (2010) ("Numerous cases have held that a party lacks standing to challenge a subpoena absent a showing that the objecting party has a personal right or privilege regarding the subject matter of the subpoena.").

Defendant CIA has standing to challenge the subpoenas insofar as they seek information on domain names registered by CIA and its president, defendant Patel. Defendant has a proprietary interest in the domain names that it registers, which it claims it uses for marketing purposes. However, defendant CIA does not have standing to challenge plaintiff's requests for information regarding domain names registered by defendants Chorzepa and Gubman on behalf of clients not party to this litigation. Defendants Chorzepa and Gubman have not joined the motion to quash, and defendant CIA has no cognizable interest in records of domain names registered for other companies. Therefore, we consider defendant's motion only as it relates to plaintiff's request for information about domain names registered on behalf of defendants CIA and Patel.

**III**

We consider each of defendant's arguments for quashing the subpoenas.

**A**

Defendant contends that plaintiff is attempting to circumvent the protective order in the Illinois action. However, defendant does not point to any specific provisions of the order, or explain exactly how the subpoenas violate it. The protective order allows a party or non-party to designate certain documents as either "confidential" or "restricted." Plaintiff states that it has agreed to treat all information provided in response to the subpoenas as "restricted," a designation that is equivalent to "attorneys' eyes only." It is difficult to imagine how plaintiff could circumvent the protective order when it has agreed to treat the produced information according to the order's most limiting terms. Therefore, the subpoenas do not violate the protective order entered in the Illinois action.

**B**

Defendant claims it has a direct and proprietary interest in the list of domain names

it registered, as they are important to its marketing efforts, and that the disclosure of the registered names would create a windfall for plaintiff at defendant's expense, "given the proclivity of Plaintiff to register similar and confusing domain names to that of CIA's to hijack CIA's customers and potential customers." Motion to Quash Subpoena Issued to Go Daddy at 4. However, as explained, plaintiff is willing to treat the produced information as "restricted." Accordingly, only plaintiff's counsel will have access to the domain names, and plaintiff's employees will not see the produced information. The "restrictive designation" provides adequate protection of defendant's proprietary interest in the domain names it has registered.

### C

Defendant argues the subpoena should be quashed because it unreasonably shifts the burden of production to defendant by requiring it to pay the costs of producing the documents. Pursuant to defendant's registration agreement with Go Daddy, Go Daddy will charge defendant for the cost of complying with plaintiff's subpoenas. Motion to Quash Subpoena Issued to Go Daddy at 3. However, this fee would be at most $29. See Response at 11 (doc. 8). An expense of this amount is not an unreasonable burden that justifies quashing the subpoena. Moreover, plaintiff has a duty under Rule 45(c)(1), Fed. R. Civ. P., to take reasonable steps to avoid imposing undue expenses on Go Daddy.

### D

Defendant argues the none of the subpoenaed information is relevant to the Illinois action.[1] As explained, the relevancy of domain names registered by defendants Chorzepa and Gubman for non-party entities is not at issue because defendant CIA lacks standing to move to quash the subpoena of those documents. With respect to the requests for domain names registered on defendant's behalf, defendant argues that plaintiff already has

---

[1] Plaintiff contends that defendant does not have standing to challenge the subpoenas on the grounds of relevancy and overbreadth, under Rule 26, Fed. R. Civ. P. Because we conclude that the requested documents are relevant and the subpoenas not overly broad, we need not reach this issue.

- 4 -

1 information about fifty-two allegedly infringing domain names, and the other information
2 sought is not relevant. Plaintiff counters that each registered domain name that is identical
3 or confusingly similar to a distinctive mark is relevant, and it is entitled to discovery that is
4 reasonably calculated to lead to such domain names.

5 We agree that the requests are reasonably calculated to lead to the discovery of
6 admissible evidence of unlawful domain name registration. The requests seek lists of all
7 domain names registered by or on behalf of defendants, based on defendants' names and
8 email addresses. While plaintiff is already aware of fifty-two domain names allegedly
9 registered unlawfully, the requests may reveal additional domain names that could also be
10 actionable. Therefore, the information requested is relevant.

**E**

12 Defendant argues that the subpoenas are overly broad. We disagree. The request for
13 all domain names registered by defendant allows plaintiff (through review by counsel) to
14 determine which domain names may be registered unlawfully. The production of this
15 information by third parties Go Daddy and Domains by Proxy, rather than by defendant,
16 ensures completeness and accuracy at a minimal cost. While the requested lists may reveal
17 domain names not similar to plaintiff's mark, those domain names may be relevant if they
18 infringe on other entities' marks, thereby demonstrating a pattern of unlawful conduct. See
19 15 U.S.C. § 1125 (d)(1)(B)(i)(VIII) (in determining bad faith intent in action for cyberpiracy,
20 court may consider defendant's registration of multiple domain names identical or
21 confusingly similar to marks of others). Because the requests are tailored to allow plaintiff's
22 counsel to review all domain names for actionable activity as well as evidence of a pattern
23 of misconduct, the subpoenas are not overly broad.

**IV**

25 Therefore, **IT IS ORDERED GRANTING** defendant's motion to open a
26 miscellaneous case (doc. 1). **IT IS FURTHER ORDERED DENYING** defendant CIA's
27 motion to quash plaintiff's subpoena duces tecum issued to Go Daddy, Inc. (doc. 2) and
28 defendant's motion to quash plaintiff's subpoena duces tecum issued to Domains by Proxy,

1 | Inc. (doc. 3).

2 | DATED this 8th day of March, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge

- 6 -